**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **LEVI MCRAE LUGINBYHL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-2031-JD** |
| | ) | |
| **STATE OF OKLAHOMA, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## REPORT AND RECOMMENDATION

Levi McRae Luginbyhl, a state prisoner appearing pro se, seeks relief under 42 U.S.C. § 1983. Doc. 1.[1] United States District Judge Jodi W. Dishman referred this matter to the undersigned Magistrate Judge for initial proceedings under 28 U.S.C. § 636(b)(1)(B), (C). Doc. 4.

Plaintiff complains of employment discrimination, discrimination based on "race, nationality, religion, [and] political views" and injury to his "health, safety, and general welfare." Doc. 1, at 7, 12. He seeks equitable relief and monetary damages. *Id*. at 10.

---

[1] Citations to a court document are to its electronic case filing designation and pagination. Except for capitalization, quotations are verbatim unless otherwise indicated.

Plaintiff moves for leave to proceed in forma pauperis (IFP). Doc. 2.[2] But Plaintiff has incurred at least three strikes under the Prison Litigation Reform Act (PLRA) and does not qualify for an exception. *See* 28 U.S.C. § 1915(g). So the undersigned recommends the Court deny Plaintiff's IFP motion and dismiss this action without prejudice unless Plaintiff pays the entire filing fee within twenty-one days of any order adopting this Report and Recommendation.

**I. Analysis.**

**A. The PLRA's "three strikes" rule.**

Prisoners who wish to bring a civil action without prepaying the entire filing fee are subject to the PLRA's "three-strikes" rule under 28 U.S.C. § 1915(g):

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may

[2] Plaintiff styles his IFP motion as a seaman's suit under the Jones Act. Doc. 2, at 1; 28 U.S.C. § 1916. That statute allows seamen to bring certain lawsuits "without prepaying fees or costs." § 1916. Plaintiff has not alleged that he is "a sea-based maritime employee," and thus is ineligible to bring a seaman's suit. *McDermott Int'l, Inc. v. Wilander*, 498 U.S. 337, 348 (1991). Because plaintiff also titles his motion "IFP" the undersigned will construe the motion as requesting leave to proceed in forma pauperis.

> be granted, unless the prisoner is under imminent danger of serious physical injury.

Congress designed the three-strikes rule "to bring [prisoner] litigation under control." *Childs v. Miller*, 713 F.3d 1262, 1265 (10th Cir. 2013) (quoting *Woodford v. Ngo*, 548 U.S. 81, 84 (2006)). "Under the PLRA, prisoners obtain a 'strike' against them for purposes of future [IFP] eligibility when their 'action or appeal in a court of the United States . . . was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted.'" *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1176 (10th Cir. 2011) (quoting 28 U.S.C. § 1915(g)), *abrogated on other grounds by*, *Coleman v. Tollefson*, 575 U.S. 532, 537 (2015). "When a prisoner has accumulated three strikes, he has 'struck out' from proceeding IFP in a new civil action or appeal." *Strope v. Cummings*, 653 F.3d 1271, 1273 (10th Cir. 2011) (quoting *Smith v. Veterans Admin.*, 636 F.3d 1306, 1308 (10th Cir. 2011)).

Congress did not bar a prisoner with three strikes from filing new civil actions but did eliminate a three-striker's privilege of proceeding IFP "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). "To meet the only exception to the prepayment requirement, a prisoner who has accrued three strikes must make specific, credible allegations of imminent danger." *Hafed*, 635 F.3d at 1176 (internal quotation marks

omitted). Absent imminent physical danger, a prisoner with three strikes must "prepay the entire filing fee before federal courts may consider their civil actions and appeals." *Childs*, 713 F.3d at 1265. A court "may raise the issue of strikes sua sponte." *Strope*, 653 F.3d at 1273.

**B. Plaintiff's strikes.**

Plaintiff had accumulated more than three strikes before he filed this lawsuit. Some of these strikes include:

- *Luginbyhl v. Am. Corr. Assoc. Unknown Members*, No. 03-CV-3364-AW (D. Md. Dec. 18, 2003) (complaint dismissed);[3]
- *Luginbyhl v. David L. Moss Crim. Just. Ctr.*, No. 07-CV-162-TCK (N.D. Okla. Aug. 6, 2007) (dismissed for failure to state a claim);
- *Luginbyhl v. McMurray*, No. 07-CV-121-Y (N.D. Tex. Mar. 26, 2007) (dismissed as frivolous or malicious and for failure to state a claim);
- *Luginbyhl Hawkins v. United States*, 2011 WL 6009651, at *5 (N.D. Okla. Dec. 1, 2011) (dismissed for failure to state a claim and flagged as a third strike);
- *Luginbyhl Hawkins v. United States*, 465 F. App'x 808, 810-11, 2012 WL 1524069, at *1 (10th Cir. May 2, 2012) (appeal dismissed as "frivolous");[4]

---

[3] "It is irrelevant under § 1915(g) whether the district court affirmatively stated in the order of dismissal that it was assessing a strike." *Smith,* 636 F.3d at 1313.

[4] An unsuccessful appeal of a case dismissed for failure to state a claim or as frivolous also counts as a strike for purposes of 28 U.S.C. § 1915(g). *See Jennings v. Natrona Cnty. Det. Ctr. Med. Facility*, 175 F.3d 775, 780 (10th Cir. 1999) ("If we dismiss as frivolous the appeal of an action the district court dismissed under 28 U.S.C. § 1915(e)(2)(B), both dismissals count as strikes."),

- *Luginbyhl v. Astrue*, No. CIV-23-1106-SLP (W.D. Okla. Jan. 23, 2024) (dismissed for lack of subject matter jurisdiction and failure to state a claim under Fed. R. Civ. P. 8), *appeal dismissed,* No. 24-6082 (10th Cir. May 28, 2024);
- *Luginbyhl v. Lawton Corr. Rehab. Ctr.*, No. CIV-23-939-JD (W.D. Okla. Nov. 11, 2025) (dismissed for failure to submit a complaint that complied with the Federal Rules of CiviProcedure) (no appeal filed).

**C. Plaintiff does not satisfy the imminent-danger exception.**

Having accumulated these strikes, the Court cannot grant Plaintiff IFP status unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). To satisfy this exception, a prisoner is "required to make 'specific, credible allegations of imminent danger of serious physical harm.'" *Hafed*, 635 F.3d at 1179 (quoting *Kinnell v. Graves*, 265 F.3d 1125, 1127-28 (10th Cir. 2001)). "Every circuit to have decided the issue so far has concluded that [§ 1915(g)'s] use of the present tense shows that a prisoner must have alleged an imminent danger at the time he filed his complaint." *Id.*; *see*, *e.g.*, *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) ("Allegations of past harm do not suffice; the harm must be imminent or occurring at the time the complaint is filed."). Plaintiff must also "show both traceability and

---

*overruled in part on other grounds by*, *Coleman*, 575 U.S. at 539; *see also Dopp v. Loring*, 245 F. App'x 842, 851 (10th Cir. Aug. 30, 2007) ("Dopp has accumulated two strikes in this matter—one for the dismissal of this appeal and one for the district court's dismissal.").

redressability." *Barnett v. Bridges*, 181 F.4th 1090, 1093 (10th Cir. 2026). That is, Plaintiff must show that there is "a nexus between the imminent danger" alleged "and the legal claims asserted." *Lomax v. Ortiz-Marquez*, 754 F. App'x 756, 759 (10th Cir. 2018) (quoting *Pettus v. Morgenthau*, 554 F.3d 293, 297 (2d Cir. 2009)); *see Barnett*, 2026 WL 2029797, at *2 ("Traceability requires a causal connection between the injury and the misconduct."). And "'whether a favorable judicial outcome would redress that injury.'" *Boles v. Colo. Dep't of Corr.*, 794 F. App'x 767, 770 (10th Cir. 2019) (quoting *Lomax*, 754 F. App'x at 759)); *see also Barnett*, 2026 WL 2029797, at *2 (explaining "redressability requires a relationship between the injury and the requested judicial relief").

In his IFP motion, Plaintiff outlines an "Imminent Danger Claim." Doc. 2, at 5. However, Plaintiff makes only general allegations of being exposed to dangerous fellow inmates. He does not allege any specific danger to himself. *Id.* Nor is this danger fairly traceable to the claims of discrimination on the part of prison staff that Plaintiff brings in this suit. So Plaintiff does not qualify for the imminent danger exception to the three-strikes rule.

## II. Recommendation and notice of right to object.

For the reasons stated, the undersigned recommends the Court deny Plaintiff's IFP motion. Doc. 2. The undersigned further recommends the Court

dismiss this action unless Plaintiff pays the entire filing fee within twenty-one days of any order adopting this Report and Recommendation.

The undersigned advises Plaintiff of his right to file an objection to this Report and Recommendation with the Clerk of this Court on or before September 14, 2026, in accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(2). The undersigned further advises Plaintiff that failure to make a timely objection to this report and recommendation waives the right to appellate review of both factual and legal questions contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 24th day of August, 2026.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE