**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| LEVI MCRAE LUGINBYHL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-26-02031-JD |
| | ) | |
| STATE OF OKLAHOMA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Before the Court is United States Magistrate Judge Suzanne Mitchell's Report and Recommendation ("R. & R.") [Doc. No. 6], to which Plaintiff Levi Luginbyhl ("Plaintiff") did not file objections. As discussed below, the Court accepts and adopts the R. & R.

Plaintiff, proceeding *pro se*, filed this case against various defendants. [Doc. No. 1]. Plaintiff also filed a Motion for Leave to Proceed in Forma Pauperis. [Doc. No. 2]. The Court referred this action to Judge Mitchell for preliminary proceedings under 28 U.S.C. § 636(b)(1)(B) and (C). [Doc. No. 5].

The R. & R. recommends denying Plaintiff's Motion for Leave to Proceed in Forma Pauperis [Doc. No. 2] and dismissing the action without prejudice if Plaintiff does not pay the $405.00 filing fee in full to the Clerk of Court within 21 days of this order. [Doc. No. 6 at 6–7]. The R. & R. based its recommendation upon Plaintiff's accumulation of at least three strikes under the Prison Litigation Reform Act's three-strikes provision and that Plaintiff does not satisfy the imminent-danger exception to that

provision. [*Id.* at 4–7]. The R. & R. advised Plaintiff of his right to object by September 14, 2026, and warned that failure to file a timely objection would waive the right to appellate review of the factual and legal issues in the R. & R. [*Id.* at 7]. Plaintiff did not file an objection.[1]

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). By not objecting to a magistrate judge's report and recommendation, a party waives his right to challenge the legal and factual basis for the magistrate judge's decision. *See Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (holding that the plaintiffs "waived their right to appeal the magistrate's ruling" because they did not file any objections); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991) ("Our waiver rule provides that the failure to make timely objection to the magistrate's findings or recommendations waives appellate review of both factual and legal questions.").

Plaintiff did not file an objection to the R. & R. by the deadline and thus waived his right to challenge the recommended disposition. "The waiver rule as a procedural bar need not be applied when the interests of justice so dictate." *Moore*, 950 F.2d at 659.

[1] Plaintiff did file a supplement on September 14, 2026. [Doc. No. 7]. However, the Court does not construe the filing as Plaintiff's objection to the R. & R. because it does not appear to reference the R. & R. or assert any legal or factual error contained in the R. & R. [*See id.*]. Instead, the substance of the filing is entitled "Motion to Proceed under 28 U.S.C. § 1916." [*Id.* at 2]. The Court also notes that the filing contains similar substance and arguments as Plaintiff's Motion for Leave to Proceed in Forma Pauperis [Doc. No. 2], which the R. & R. analyzed and recommends denying.

However, considering the factors, the interests of justice do not warrant an exception to the waiver rule in this case. *See Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010) (explaining that the court may grant relief from the waiver rule for failure to timely object to the magistrate judge's report and recommendation in the "interests of justice" by considering factors such as a *pro se* litigant's effort to comply, the force and plausibility of the explanation for the party's failure to comply, and the importance of the issues raised).

Accordingly, for the above reasons, the Court ACCEPTS and ADOPTS the R. & R. [Doc. No. 6]. The Court, therefore, DENIES Plaintiff's Motion for Leave to Proceed in Forma Pauperis. [Doc. No. 2]. The Court will dismiss this action without prejudice to refiling if Plaintiff does not pay the $405.00 filing fee in full to the Clerk of the Court within 21 days of this Order, or by **October 16, 2026**. *See* LCvR3.3(e).

Additionally, the Court STRIKES Plaintiff's September 14, 2026 filing [Doc. No. 7] as an improper filing because it seeks the same relief (in forma pauperis status) as Plaintiff's previously filed Motion for Leave to Proceed in Forma Pauperis.

IT IS SO ORDERED this 25th day of September 2026.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE